**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000174
27-MAY-2025
07:49 AM
Dkt. 65 SO**

NO. CAAP-23-0000174

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE UNDER
THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2006,
FREMONT HOME LOAN TRUST 2006-A, OR THEIR NOMINEE, Plaintiff-
Appellee, v. JOHN J. FREEPARTNER III; LISA MARIE FREEPARTNER,
Defendants-Appellants, and DOES 1-20, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC091000233)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

**John** J. Freepartner, III and **Lisa** Marie Freepartner
(together, the **Freepartners**) appeal from the February 22, 2023
**Judgment** for **HSBC** Bank USA, N.A. entered by the Circuit Court of
the Fifth Circuit.[1]  We vacate the Judgment and remand for
further proceedings.

HSBC sued the Freepartners on September 1, 2009.  The
complaint alleged that HSBC purchased **Property** in Anahola, Kaua'i
at a nonjudicial foreclosure sale; the Freepartners occupied the
property; and HSBC was entitled to a writ of ejectment.  The
operative pleading is HSBC's third amended complaint, filed on
September 18, 2020.  It sought: (1) a declaration that HSBC's
foreclosure is valid and HSBC owns the Property; (2) an equitable

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

lien for unjust enrichment; (3) a writ of ejectment; (4) damages for negligent misrepresentation; (5) damages from Lisa for forgery; and (6) damages for fraud.

HSBC moved for partial summary judgment on count 2. It requested an equitable lien against the Property. The circuit court entered findings of fact (**FOF**), conclusions of law (**COL**), and an **Order** granting the motion on February 22, 2023. The Order contained a finding of no just reason for delay and directed entry of a final judgment on count 2 of the third amended complaint under Hawaiʻi Rules of Civil Procedure Rule 54(b). The Judgment was entered on February 22, 2023. This appeal followed.

The Freepartners contend that the circuit court erred by granting HSBC's motion for partial summary judgment because: **(1)** their note and mortgage were forged and the original lender's agent perpetrated the fraud; **(2)** HSBC did not prove it had possession of the note when it filed the original complaint; and **(3)** HSBC's exhibits were inadmissible. They challenge FOF nos. 5, 6, 7, and 8 and COL nos. 5-24.

We review a grant of summary judgment de novo. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). The moving party has the burden to introduce admissible evidence to establish the material facts, show there is no genuine issue as to any of them, and explain why it is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. A fact is material if it would establish or refute an element of a cause of action or defense. Id. We view the evidence in the light most favorable to the non-moving party. Id.

These FOFS are unchallenged:[2] On February 14, 2006, Lisa signed her and John's names on a $750,000 promissory **Note** and **Mortgage** in favor of **Fremont** Investment & Loan. The proceeds

---

[2] A circuit court deciding a motion for summary judgment does not make findings of fact. If the facts are controverted, summary judgment should be denied. Hawaiʻi Rules of Civil Procedure Rule 56(c). We consider the circuit court's FOFs to be statements of the uncontroverted facts.

were used to pay off two loans secured by mortgages on the Property. The Freepartners made monthly $5,498.01 payments to Fremont between April 1, 2006 and February 1, 2008, but made no payments after that. HSBC or its predecessors paid at least $261,069.11 in real property taxes and insurance premiums for the Property. The Freepartners didn't cure their default or tender the unpaid loan balance.

**(1)** Count 2 of HSBC's third amended complaint sought an equitable lien based on unjust enrichment. The Freepartners argue there was "a genuine issue of material fact as to whether HSBC Bank is entitled to an equitable lien."

"[A] claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 504, 100 P.3d 60, 74 (2004) (cleaned up). "Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises." Small v. Badenhop, 67 Hawai'i 626, 639, 701 P.2d 647, 656 (1985) (quoting Restatement of Restitution § 161). "Under the [d]octrine of [e]quitable [s]ubrogation, one who advances money to pay off an encumbrance with the express understanding that it is to be secured by a first lien on the property will be subrogated to the rights of the prior encumbrancer in the event that the new security is for any reason not a valid first lien on the property (unless superior or equal equities will be prejudiced)." Beneficial Haw., Inc. v. Kida, 96 Hawai'i 289, 313, 30 P.3d 895, 919 (2001).

Here, HSBC offered Fidelity National Title Insurance Company's escrow settlement statement showing the loan amount deposited by Fremont and escrow's payments to the Freepartners' former mortgagees. HSBC thus showed that *Fremont* was entitled to an equitable lien on the Property. But HSBC did not show *it* advanced money to or for the Freepartners.

HSBC offered the assignment of the mortgage and note from Fremont to HSBC, but "[a]n equitable lien is a claim for payment secured by real property *not as a result of any agreement between the parties* but because of the application of principles of equity and fairness."  In re 2003 & 2007 Ala Wai Blvd., 85 Hawaiʻi 398, 412, 944 P.2d 1341, 1355 (App. 1997) (citing Small, 67 Hawaiʻi at 639, 701 P.2d at 656) (emphasis added), overruled on other grounds, Knauer v. Foote, 101 Hawaiʻi 81, 85, 63 P.3d 389, 393 (2003).

HSBC did not sustain its burden as the summary judgment movant to show *it* was entitled to an equitable lien against the Property.  The circuit court thus erred by granting HSBC's motion for partial summary judgment.  We need not address the Freepartners' challenges to the circuit court's FOFs or COLs.

**(2)**  HSBC didn't have to prove it had possession of the note when it filed the original complaint because the complaint sought ejectment, not foreclosure.  HSBC alleged it owned the Property and attached the quitclaim deed to its complaint.  That showed it had standing to seek ejectment.

**(3)**  The exhibits to HSBC'S motion for partial summary judgment were admissible because paragraph 4 of Kevin Flannigan's declaration showed circumstances indicating the trustworthiness of the documents PHH incorporated from Ocwen.  See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 326, 489 P.3d 419, 430 (2021).

We vacate the February 22, 2023 Judgment and remand to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 27, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants.

Jade Lynne Ching,
David A. Nakashima,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge